ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ELECTRIC ENERGY, INC., *et al.*<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIORNMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents. | Case Nos. 23-1035 (and<br>(Consolidated Cases) |

## RESPONDENT EPA'S PROPOSED BRIEFING FORMAT

Respondents, the United States Environmental Protection Agency and Administrator Michael S. Regan (collectively "EPA"), hereby respond to the Court's Order of June 7, 2023 (Dkt. 2002545), directing the parties to submit a proposed briefing format in this action. EPA has negotiated in good faith with Petitioners on a proposed briefing format but the parties have been unable to reach agreement. Accordingly, EPA respectfully asks the Court to enter the briefing format set forth below. All parties intervening on behalf of EPA concur with the proposed briefing format.

## BACKGROUND

Through the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), Congress directed EPA to regulate solid waste by promulging minimum criteria that facilities must meet to ensure there will be "'no reasonable probability of adverse effects on health or the environment from disposal of solid waste at such facility.'" *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 420 (D.C. Cir. 2018) ("*USWAG*"), quoting 42 U.S.C. § 6944(a). EPA did that for coal combustion residuals ("CCR" or "coal ash"), a highly toxic waste byproduct of coal combustion, in a comprehensive regulation promulgated in 2015. 80 Fed. Reg. 21,302 (Apr. 17, 2015) ("2015 Rule").

Coal-fired electric utilities, such as those operated by Petitioners, dispose of the CCR they generate in landfills or water-filled surface impoundments. As a result of the 2015 Rule, many CCR impoundments, including those lacking an adequate liner, could not meet the regulatory requirements established in the 2015 Rule and were required to close. Doc. 1976606 at 1. Under the 2015 Rule, these facilities must initiate the closure process pursuant to deadlines established by EPA. *USWAG*, 901 F.3d at 447-48.

In 2020, EPA issued a regulation setting a deadline of April 21, 2021, for unlined surface impoundments to cease receipt of waste and initiate the closure process. 40 C.F.R. § 257.101; 85 Fed. Reg. 53,516 (Aug. 28, 2020). Facilities that

could not meet this deadline could seek an extension by: (a) substantiating the need for an extension under criteria established in the Rule; and (b) submitting a "demonstration" establishing that the facility had complied with all applicable requirements of the 2015 Rule. *Id*.; 40 C.F.R. § 257.103(f)(1). Gavin Power, LLC ("Gavin") submitted an extension request, which EPA denied on November 28, 2022, finding that Gavin had failed to demonstrate compliance with all applicable requirements, paramount among them being Gavin's plan to close with coal ash remaining in groundwater. 87 Fed. Reg. 72,989.

More specifically, under the 2015 Rule covered facilities must close a coal ash impoundment in a manner that, among other things, will "control, minimize or eliminate, to the maximum extent feasible post-closure *infiltration of liquids into waste* and *releases of CCR*, leachate or contaminated run-off to the *ground* or surface *waters*…," and otherwise eliminate *free liquids* from the impoundment. 40 C.F.R. §§257.102(d)(1), (2) (emphasis added). *See also* 42 U.S.C. § 6944(a), quoted above. Notwithstanding the 2015 Rule's comprehensive provisions designed specifically to achieve a closure process that eliminates liquids and ensures that CCR is not leaching into groundwater, Petitioners assert that the 2015 Rule allows them to close their impoundments, including Gavin, while leaving tons of CCR sitting in groundwater. In the case of the Gavin facility, Gavin proposed closing its fly ash reservoir (impoundment) with CCR remaining in up to 64 feet of

3

groundwater across the 314-acre impoundment, saturating 40% of the CCR to be left in the impoundment.  Doc. 1986457, Attachment A at 15, 23.

This case, referred to herein as *Electric Energy II,* involves consolidated petitions filed by Electric Energy, Inc. and eight other companies ("Electric Energy"), industry trade group Utility Solid Waste Activities Group ("USWAG"), American Electric Power Company and its subsidiaries ("AEP"), and Gavin.  All Petitions challenge the denial of Gavin's extension request described above.

Two of the Petitioners in this case, Electric Energy and USWAG, had already filed a petition for review challenging, among other things, the *proposed* denial of Gavin's extension request.  *Electric Energy, Inc., et al. v. EPA*, No. 22-1056 ("*Electric Energy I*").  Not only do both cases challenge the same EPA decision (the proposed and then final denial of Gavin's extension request, respectively), they raise substantially identical claims related to attempts by regulated entities to close CCR impoundments with CCR remaining in groundwater.  *See* Doc. 1989943 (EPA's Motion to Consolidate detailing the similarity of the claims in the two cases); Doc. 1989214 (Petitioners' Motion for Abeyance at 3-4, explaining how the issues in *Electric Energy I* and *Electric Energy II* overlap).

While EPA moved to consolidate the *Electric Energy I* and *Electric Energy II*, Petitioners here moved to hold this case (*Electric Energy II*) in abeyance,

pending a decision in *Electric Energy I*. *Id*. On June 7, 2023, the Court denied all parties' motions and coordinated the two cases so that *Electric Energy I* and *Electric Energy II* are to be argued on the same day, before the same panel. Doc. 2002545. That Order further called for the parties to submit a proposed schedule for completing the briefing in *Electric Energy I* and a proposed format for briefing in *Electric Energy II*.

## **PROPOSED BRIEFING FORMAT FOR THIS CASE**

Because this action will be argued on the same day as *Electric Energy I*, EPA proposes a schedule that will allow for the briefing in *Electric Energy I* and *Electric Energy II* to be coordinated, so that briefing in both cases is completed on or around the same date. Accordingly, EPA respectfully directs the Court's attention to EPA's proposed briefing format in *Electric Energy I*, which has been filed on this date.

EPA proposes the following schedule and format for briefing in this case (*Electric Energy II*):

| **Filing** | **Date** | **Interval** | **Word Limit** |
|---|---|---|---|
| Initial Submissions | July 21, 2023 | 14 days from the date of briefing proposals | N/A |
| Petitioners' Joint Opening Brief | Sept. 15, 2023 | 70 days from the date of briefing proposals | 13,000 words |
| Amicus Briefs in Support of Petitioners (if any) | Sept. 22, 2023 | 7 days from Petitioners' brief, as required under Circuit Rule 29(a)(6) | 6,500 words |
| Respondents' Brief | Nov. 17, 2023 | 63 days from Petitioners' brief | 13,000 words |
| Amicus Briefs in Support of EPA (if any) | Nov. 24, 2023 | 7 days from Respondents' brief, as required under Circuit Rule 29(a)(6) | 6,500 words |
| Respondent-Intervenors' Brief | Dec. 8, 2023 | 21 days from Respondents' brief | 9,100 words |
| Petitioners' Joint Reply Brief | Jan. 8, 2024 | 52 days from Respondents' brief | 6,500 words |
| Deferred Joint Appendix | Jan. 18, 2024 | | N/A |
| Final Briefs | Jan. 31, 2024 | | N/A |

The Initial Submissions noted above are those required under the Court's typical scheduling order and consist of Petitioners': (a) Certificate of Parties, Rulings and Related Cases; (b) Docketing Statement; (c) Statement of Intent to Utilize Deferred Joint Appendix (which Respondents agree to); (d) Statement of Issues to be Raised; (e) Underlying Decision from which Petition Arises; and (f)

6

Appearance Forms. These are simple forms or filings that can easily be filed within fourteen days. As to any other initial submissions, EPA has already filed its appearance forms. Finally, there is no need or basis to set a deadline for dispositive motions, as any such motions were due within 45 days of the docketing of this petition (by April 3, 2023). D.C. Cir. Rule 27(g).

The word limits set forth above are those established in the Federal Rules of Appellate Procedure. As noted in the Court's June 7, 2023 Order, any proposed deviation from those word limits must be supported by a detailed justification. Dkt. 2002545. This case involves straightforward issues regarding the denial of a single extension request and does not warrant briefs exceeding the normal word limits. Moreover, two of the four Petitioners (Electric Energy and USWAG) have already briefed many of the identical issues to be raised in this case in their brief in *Electric Energy I*, which itself was a brief that exceeded the normal word limit (15,000 word opening briefs).

As to the schedule, EPA understands that Petitioners propose to file their opening brief on or about November 15, 2023, more than four months from now. An extension from normal filing periods of this magnitude is unwarranted, particularly in a straightforward case relating to denial of a request for an extension at a single, regulated entity. Furthermore, because the arguments in *Electric Energy I* and *Electric Energy II* are to occur on the same day, such an extension

will significantly delay resolution of *both* cases. Petitioners' proposed schedule would contribute to uncertainty in the administration of this important program – the very uncertainty that Petitioners, who represent myriad regulated entities, assert (in *Electric Energy I*) is in dire need of being clarified.

The schedule outlined above allows ample time for the parties to brief all issues, many of which already have been comprehensively briefed in *Electric Energy I* by two of the four Petitioners here. In fact, adopting EPA's proposed coordinated briefing schedules in this case and *Electric Energy I* will streamline the entire briefing process and avoid duplication of arguments, further supporting the application of the normal 13,000-word limit in single joint brief filed by Petitioners.

All Petitioners in this case originally waited until the 90-day deadline for filing a petition established in 42 U.S.C. § 6976(a)(1) had almost lapsed before filing their respective Petitions for Review. *See* Doc. 1989943 at 9. Petitioners then sought to further delay resolution of the issues they have raised here by seeking to hold this case in abeyance. The Court denied that motion and directed the parties to submit schedules so that the issues in both *Electric Energy I* and *Electric Energy II* can be fully addressed and resolved in a coordinated, efficient, and timely manner. EPA's proposed schedule does exactly that and continued delay in resolving the claims raised by Petitioners, through a schedule that calls for

8

briefs to be filed six months after briefing is complete in *Electric Energy I*, thereby delaying oral argument until the Court's next term, is neither necessary nor warranted.

## CONCLUSION

For the foregoing reasons, EPA asks the Court to issue an Order establishing the briefing format proposed above.

Respectfully submitted,

July 7, 2023

OF COUNSEL:

LAUREL CELESTE
U.S. Environmental Protection
 Agency
Office of General Counsel
William Jefferson Clinton Bldg.
1200 Pennsylvania Ave., NW
Mail Code: 2344A
Washington, DC 20460
202-564-1751
celeste.laurel@epa.gov

TODD KIM
Assistant Attorney General

/s/ *Perry M. Rosen*
PERRY M. ROSEN
DAVID MITCHELL
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
Telephone: 202- 353-7792
Fax. No.: 202- 514-8865
perry.rosen@usdoj.gov
david.mitchell@usdoj.gov

*Counsel for Respondents*

## **CERTIFICATE OF COMPLIANCE**

The undersigned states that this submission complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of the Fed. R. App. P, as this Motion contains 1671 words.

So certified this 7th day of July, 2023 by

/s/ *Perry M. Rosen*___
Perry M. Rosen
*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the aforementioned document was filed electronically with the Clerk of the Court using the Electronic Court Filing System, which sends notification of such filing to the Counsel of Record in the above-captioned action.

So certified this 7th day of July, 2023 by

/s/ *Perry M. Rosen*___
Perry M. Rosen
*Counsel for Respondents*